## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TOBY HALL,

               Appellant,

       v.

DEPARTMENT OF THE ARMY,

               Agency.

DOCKET NUMBER
DA-0752-24-0450-I-2

DATE:  June 15, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Toby Hall, New Boston, Texas, pro se.

Garland E. Yarber, Esquire, and Rodney L. LaGrone, Sr., Esquire,
    Texarkana, Texas, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was a WG-4102-05 Painting Worker Helper. *Hall v. Department of the Army*, MSPB Docket No. DA-0752-24-0450-I-1, Initial Appeal File (IAF), Tab 6 at 40. On January 25, 2024, deputies from the Bowie County Sheriff's Office found the appellant in the front yard of a residence in New Boston, Texas, with two gunshot wounds. *Id.* at 45. He was transferred to the hospital for treatment of his injuries. *Id.* On February 9, 2024, the appellant gave a recorded statement to a sheriff's office official, who detailed the statement in an affidavit used to procure an arrest warrant for the shooter.[2] *Id.* at 45-46. In the affidavit, the official stated that the appellant admitted to selling drugs to the shooter and later got into a physical altercation with him, which resulted in the gunshot wounds. *Id.* The agency proposed and effected the appellant's removal based on a charge of conduct unbecoming a Federal employee. *Id.* at 31-36, 40-43. The agency relied exclusively on the sheriff's office official's affidavit. *Id.* at 40, 45-46. The appellant denied selling drugs. IAF, Tab 1 at 2; *Hall v. Department of the Army*, MSPB Docket No. DA-0752-24-0450-I-2, Appeal File (I-2 AF), Tab 7 at 3.

The appellant filed his initial appeal with the Board on July 2, 2024. IAF, Tab 1 at 1. He did not appear for telephone conferences scheduled for October 11 and November 4, 2024. IAF, Tab 20 at 1, Tab 21 at 1. After the November 4, 2024 conference, the administrative judge issued an order that cancelled his requested hearing. IAF, Tab 1 at 1, Tab 21 at 1. On November 26, 2024, the administrative judge granted the appellant's request for a dismissal without prejudice to allow him time to obtain additional evidence. IAF, Tab 25, Initial Decision at 1-2. The appellant filed a request to reopen his appeal on January 23, 2025. I-2 AF, Tab 1 at 2. On June 27, 2025, the administrative judge issued an initial decision, based on the written record, affirming the appellant's removal.

---

[2] A recording of the interview is not in the evidentiary record.

I-2 AF, Tab 17, Initial Decision at 14. The appellant filed a petition for review on August 1, 2025, in which he states that he would soon obtain new evidence that would show that he did not admit to engaging in the alleged conduct. *Hall v. Department of the Army*, MSPB Docket No. DA-0752-24-0450-I-2, Petition for Review File, Tab 1 at 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

On November 5, 2024, the administrative judge cancelled the appellant's requested hearing after he did not attend telephone conferences scheduled for October 11 and November 4, 2024. IAF, Tab 21 at 1. When he filed his initial appeal, the appellant was represented by counsel. IAF, Tab 1 at 4. Under the Board's regulations, an appellant's attorneys are required to register as e-filers, which constitutes consent to accept electronic service of pleadings. 5 C.F.R. § 1201.14(e)(2), (5). The appellant's attorneys notified the Board on October 8, 2024, that they no longer represented him in this matter. IAF, Tab 16 at 4. The notification contained the appellant's contact information and requested that future communications be sent directly to him. *Id.* On the same day, the administrative judge ordered the parties to participate in a conference call on October 11 at 9:00 a.m. IAF, Tab 18 at 1. The appellant, now pro se, was served this notice by U.S. Mail at the address provided by his former attorneys.[3] *Id.* at 2; IAF, Tab 16 at 4. Because he was no longer being served Board orders electronically, we find it unreasonable for the administrative judge to have expected the appellant to receive the October 8 order before the October 11 telephone conference.[4] As such, we find that the appellant was not at fault for his absence at the October 11 telephone conference, and this incident was not a proper basis on which to cancel his requested hearing.

---

[3] Unlike attorneys, pro se appellants are not required to register as e-filers. *See* 5 C.F.R. § 1201.14(e)(5).

An administrative judge may impose sanctions on a party as necessary to serve the ends of justice. 5 C.F.R. § 1201.43. The Board's regulations authorize an administrative judge to cancel a scheduled hearing as a sanction when an appellant engages in contumacious conduct or conduct prejudicial to the administration of justice. *Id.* An appellant's right to a hearing, however, should not be denied as a sanction absent extraordinary circumstances. *Stein-Verbit v. Department of Commerce*, 72 M.S.P.R. 332, 337 (1996).

Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013). The abuse of discretion standard is "a very high standard" and allows for "great deference." *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010) (quoting *Lipscomb v. Department of Defense*, 69 M.S.P.R. 484, 487 (1996)). Nevertheless, we conclude that the administrative judge abused her discretion in canceling the appellant's requested hearing.

Because we find that the appellant was not at fault for his absence at the October 11, 2024 telephone conference, the administrative judge's sanction of canceling the hearing is now based only on the appellant's absence at the November 4, 2024 telephone conference.[5] A single failure to comply with an order is not sufficient to show a lack of due diligence, negligence, or bad faith in the appellant's compliance with an administrative judge's orders, so as to justify a drastic sanction such as precluding the presentation of evidence at a hearing.

---

[4] The Board presumes that mail delivery may reasonably be expected to take 5 days. *Lynch v. Office of Personnel Management*, 79 M.S.P.R. 437, ¶ 8 (1998); *see* 5 C.F.R. § 1201.4(l) (noting that in the absence of a legible postmark, a submission is presumed to have been mailed 5 days, excluding days on which the Board is closed for business, before its receipt). The record contains no evidence that the appellant did, in fact, receive the October 8 order before the October 11 conference.

[5] The record does not address the appellant's reason for not attending the November 4, 2024 telephone conference, but the administrative judge's November 20, 2024 order suggested that it could be related to a hospital stay for a shoulder replacement. IAF, Tab 22 at 1.

*Sims v. U.S. Postal Service*, 88 M.S.P.R. 101, ¶ 7 (2001); *see Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 7 (1999) (explaining that an appellant's inadvertent failure to comply with an administrative judge's order is not an extraordinary circumstance that warrants the extreme sanction of the denial of a hearing).

On remand, the administrative judge shall provide the parties with the opportunity to provide additional evidence and argument to support their respective positions, hold the appellant's requested hearing, and issue a new initial decision on the merits of this appeal. The administrative judge should inform the appellant of his right to an in-person or videoconference hearing and should hold a telephonic hearing only if the appellant requests one. *See Koehler v. Department of the Air Force*, 99 M.S.P.R. 82, ¶ 7 (2005) (explaining that an administrative judge may not order a telephonic hearing over an appellant's objection).

To the extent that it is appropriate, the administrative judge may adopt her original findings on the merits of the charge, nexus, and penalty, but if any of the evidence and argument developed on remand causes the administrative judge to reassess her previous findings, she should explain that in her remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

Gina K. Grippando

FOR THE BOARD:                    _____

                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.